USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1983 JOSEPH BARBIONI, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Joseph M. Jabar and Daviau, Jabar & Batten on brief for _________________ _________________________ appellant. Jay P. McCloskey, United States Attorney, Frank W. Hunger, __________________ _________________ Assistant Attorney General, Barbara C. Biddle and Jennifer H. Zacks, _________________ _________________ Department of Justice, Civil Division, on brief for appellees.  ____________________ December 9, 1997 ____________________ Per Curiam. After careful review of the parties' __________ submissions and the record on appeal, we affirm the decision below granting judgment for the defendant.1 On appeal, 1 appellant Joseph Barbioni ("Barbioni") argues that the decision to pursue a criminal investigation and prosecution against him was improper and entitled him to relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2674, given the alleged fact that two witness interviews may have been conducted in an inappropriate manner. But even where discretion has been abused, 28 U.S.C. 2680(a) protects those acts which constitute the performance of a discretionary function. This court has made it clear that the decision to investigate and/or prosecute an individual falls squarely within the discretionary function exception. See, e.g., Horta v. Sullivan, 4 F.3d 2, 21 (1st Cir. ___ ____ ___________________ 1993)("[A]lthough law enforcement agents have a mandatory duty to enforce the law, decisions as to how best to fulfill that duty are protected by the discretionary function exception to the FTCA."); Kelly v. United States, 924 F.2d _______________________ 355, 362 (1st Cir. 1991)("Since decisions to investigate, or not, are at the core of law enforcement activity, the []  ____________________ 1The government suggests the court lacks jurisdiction to 1 hear this appeal under 28 U.S.C. 1291, but we interpret Barbioni's statements in his "Motion to Alter (Rule 59)" as an abandonment of any claims which may have been pending at the time he filed that pleading. Thus, the district court's "Judgment" was a final judgment, as required by 28 U.S.C.  1291. -2- challenged conduct involved precisely the kind of policy- rooted decisionmaking that section 2680(a) was designed to safeguard."). Even an allegation that investigators intimidated and coerced witnesses will not alter the outcome of a target's FTCA claim. Moore v. Valder, 65 F.3d 189, 196- _______________ 97 (D.C. Cir. 1995). We do not address whether the malicious prosecution claim otherwise would have had merit. Affirmed. Loc. R. 27.1. _________ -3-